[No. B031012. Second Dist., Div. Seven. July 21, 1988.]

DALE SCHULER, Cross-complainant and Appellant, v. LUCIA HERNANDEZ et al., Cross-defendants and Respondents.

**COUNSEL**

Strants, Sobelsohn, Elkin, Bradford & Haddad, Mark P. Geffon and Dale D. Dahlin for Cross-complainant and Appellant.

Mommaerts & Rutledge and Thomas L. Engel for Cross-defendants and Respondents.

**OPINION**

**LILLIE, P. J.**—Cross-complainant Dale Schuler appeals from an order dismissing his "Cross-Complaint for Declaratory Relief for Comparative Implied Indemnity" against cross-defendants Lucia Hernandez and Ronald Williams upon the determination by the trial court that Hernandez and Williams entered into a good faith settlement with plaintiff Santha Anderson-Williams.

Schuler contends the payment of $100,000 by Williams to plaintiff did not constitute a settlement of plaintiff's claims against Williams and/or Hernandez and that if it did it was not a settlement made in good faith.

I

## Factual and Procedural Background

On August 27, 1984, plaintiff Anderson-Williams drove to the home of her estranged husband, Williams, and asked Lucia Hernandez, who was Williams's housekeeper, to follow her on an errand in a car owned by Williams. As plaintiff prepared to leave Williams's driveway she was hit from the rear by the vehicle driven by Hernandez which propelled her vehicle into the pathway of oncoming traffic where she was broadsided by defendant and cross-complainant Schuler.

On December 17, 1984, plaintiff filed a suit for personal injury naming Lucia Hernandez, Ronald Williams and Dale Schuler as defendants.

On April 22, 1986, apparently before Schuler had been served with the complaint, Hernandez and Williams settled with plaintiff for the sum of $100,000. Plaintiff executed a release of all claims in favor of both Williams and Hernandez.

On September 9, 1986, Schuler filed an answer to plaintiff's complaint and filed a cross-complaint against Hernandez and Williams for declaratory relief for comparative implied indemnity.

Hernandez and Williams filed a motion for determination of good faith settlement. In support of said motion, they submitted the declaration of Thomas L. Engel who declared that he was the attorney for Hernandez and Williams and that they had entered into a settlement with plaintiff for the sum of $100,000, which was the limit of liability of a policy of insurance owned by Williams; in exchange, plaintiff executed a release of all claims and rights against and in favor of Williams and Hernandez; at the time of the accident Hernandez was following plaintiff in a car owned by Williams and was a domestic employee of Williams; plaintiff was unemployed; and as a result of the collision she sustained a fractured elbow and three fractured vertebras and did not require surgery for her back problem.

In opposition to the motion, Schuler's counsel, Mark P. Geffon, submitted his declaration that on September 5, 1986, Schuler caused to be served upon plaintiff a "Request for Statement Setting Forth Nature and Amount of Damages Being Sought"; on October 1, 1986, plaintiff served her response and stated she was seeking an unascertained amount of special damages and $1 million in general damages; and an asset check revealed that Williams owns a home valued at $170,607.

Following a hearing, the trial court determined the settlement to be in good faith and dismissed Schuler's cross-complaint. It is from this order of dismissal Schuler appeals.

## II

### PAYMENT OF $100,000 CONSTITUTED A SETTLEMENT OF CLAIMS AGAINST WILLIAMS AND HERNANDEZ

 Appellant contends that the payment of $100,000, the limit of liability under the insurance policy owned by Williams, did not constitute a settlement of plaintiff's claims against both cross-defendants.

Code of Civil Procedure section 877 provides in relevant part: "Where a release, . . . is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . . [¶] (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties."

Code of Civil Procedure section 877.6 provides in relevant part: "(a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . . [¶] (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits . . . and any counteraffidavits . . . or the court may, in its discretion, receive other evidence at the hearing. [¶] (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. [¶] (d) The party asserting the lack of good faith shall have the burden of proof on that issue."

 The initial burden of showing that a settlement has been made rests with the party claiming the settlement bars indemnity or contribution. (See *Tech-Bilt Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488 [213 Cal.Rptr. 256, 698 P.2d 159].) In determining whether a settlement has been made one must look to the conduct of the parties. If a plaintiff dismisses an action, the policy of settlement is furthered only when the dismissal resulted from a mutual decision to settle the dispute and not as a tactical maneuver. The testimony of counsel recounting the basis for dismissal is relevant. (See *Commercial U. Ins. Co.* v. *Ford Motor Co.* (9th Cir. 1981) 640 F.2d 210, 213.)

Here there is no evidence that payment of the substantial sum of $100,000, which was the limit of liability under the insurance policy, in exchange for a release of Williams and Hernandez was a strategic ploy aimed at placing a disproportionate percentage of potential liability on Schuler. Further, while Hernandez apparently tendered no money as part of this settlement, plaintiff was compensated for Hernandez's negligence by the payment apparently pursuant to the terms of the insurance policy relative to permissive users of Williams's vehicle.

## III

### The Trial Court Did Not Abuse Its Discretion in Determining the Settlement Was Made in Good Faith

In determining whether a settlement has been made in good faith, there are a number of factors which must be taken into consideration, including a "rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants. [Citation.] Finally, practical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement. '[A] defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be.' [Citation.] The party asserting the lack of good faith, who has the burden of proof on that issue (§ 877.6, subd. (d)), should be permitted to demonstrate, if he can, that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute. Such a demonstration would establish that the proposed settlement was not a 'settlement made in good faith' within the terms of section 877.6." (*Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates, supra,* 38 Cal.3d 488, 499; *Greshko* v. *County of Los Angeles* (1987) 194 Cal.App.3d 822, 831 [239 Cal.Rptr. 846].)

In the present case while it is possible that some collusion may have taken place relative to the settlement between Williams and his estranged wife, Anderson-Williams, there was no evidence presented to establish that the settlement was made under circumstances amounting to other than good faith of the parties. Schuler submitted one declaration stating only that more than five months after the settlement, plaintiff claimed she was seeking $1 million in general damages and that Williams owned a home

valued at approximately $170,000. This scant showing did not establish the existence of collusion, fraud or tortious conduct aimed at injuring the interests of Schuler; that the financial conditions of the defendants were such as to render the payment of $100,000 unreasonable; or that the settlement figure was grossly disproportionate to what a reasonable person at the time of the settlement would estimate the settling defendants' liability to be. Schuler has not shown that at the time the settlement was made, based on the facts known at the time of the settlement, the settlement was "so far out of the ballpark" in relation to the factors set out in *Tech-Bilt, Inc.* as to lack good faith in its execution.

## IV

## DISPOSITION

The order of dismissal is affirmed. Respondents to have costs on appeal.

Johnson, J., and Kolts, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.